CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
JUN 27 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE JOYNER, | ) | Civil Action No. 7:13-cv-00227 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WALTER SWINEY, et al., | ) | By:  Hon. Jackson L. Kiser |
|     Defendants. | ) |        Senior United States District Judge |

Christopher Lee Joyner, a Virginia inmate proceeding pro se, filed a motion requesting a preliminary injunction to order his transfer to a different prison in Virginia. Plaintiff argues that he fears for his life while incarcerated at the Red Onion State Prison ("ROSP") because he was allegedly attacked by defendants, who are correctional staff at ROSP, on March 18, 2013, and by non-defendants on April 28, 2013, while in ROSP's C-building.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 23.

A movant must also establish a relationship between the injury claimed in the motion for preliminary injunctive relief and the conduct giving rise to a complaint. Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Consequently, an injunction is not available in this action to remedy the alleged attack by non-defendants on April 28, 2013 because plaintiff's

Amended Complaint seeks relief only as to the March 18, 2013, incident. See In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without a nexus between the injury alleged in the motion for a preliminary injunction and the conduct described in a complaint, the court should not consider the factors for preliminary injunctive relief).

Plaintiff fails to establish that he is likely to succeed on the merits. A prisoner alleging excessive force must objectively show that a defendant "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). Despite plaintiff's allegations that defendants severely beat him, medical staff assessed plaintiff approximately thirty minutes after the alleged attack and did not discover any trauma, swelling, or discoloration, and plaintiff did not complain to medical staff about anything but pain in his right pelvis.

Plaintiff also fails to establish irreparable harm because he is currently segregated in a different building at ROSP than where the alleged March 18, 2013, occurred. Furthermore, plaintiff merely speculates about an unknown possibility of harm. See Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) ("[A] future or conjectural threat of injury is insufficient to justify injunctive relief"); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). Plaintiff also fails to establish how an order based on speculative and unsubstantiated fears furthers the public's interest when that interest is served by deferring to correctional officials about the appropriateness of where to house a specific prisoner. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). Moreover, prisoners do not have any right to be housed in a particular facility. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976).

Based on plaintiff's allegations and the present status of the case, plaintiff fails to establish that the balance of equities tips in his favor. Defendants have not yet responded to the Amended Complaint, and ordering an unnecessary transfer would unduly burden correctional officials. Accordingly, plaintiff fails to satisfy the elements for a preliminary injunction, and I deny his requests for a preliminary injunction and an evidentiary hearing.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 27th day of June, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge